# UNITED STATES DISTRICT COURT
# FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| RAMON DEL ROSARIO, <br>     811 W Agatite Ave, Apt.2408 <br>     Chicago, IL 60640 <br><br>         Plaintiff(s) <br>         v. <br><br> KRISTI NOEM, in her official capacity, Secretary, U.S. Department of Homeland Security; <br> JENNIFER B. HIGGINS, in her official capacity, Acting Director, U.S. Citizenship and Immigration Services; <br>     2707 Martin Luther King Jr. Ave, SE <br>     Washington, DC 20528-0485 <br><br> JAMES R. MCHENRY III, in his official capacity, Acting Attorney General, Office of Attorney General, U.S. Department of Justice; <br>     950 Pennsylvania Avenue, NW <br>     Washington, DC 20530-0001 <br><br>         Defendant(s). | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 1:25-cv-921 |

**PLAINTIFF'S ORIGINAL COMPLAINT FOR WRIT IN THE NATURE OF MANDAMUS AND VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT**

Sadaf F. Ahmed. Attorney for Plaintiff, JEELANI LAW FIRM, PLC, 3701 W Algonquin Rd Suite 630 Rolling Meadows, IL 60008, Ph: 312-767-9030, Facsimile: 312-767-9030, Email: sadaf@jeelani-law.com.

1

INTRODUCTION

COMES NOW RAMON DEL ROSARIO, (hereinafter "Plaintiff ROSARIO" or "Plaintiff"), by and through the undersigned attorney, in the above cause, and states as follows:

1. On Mach 11, 2022, Plaintiff ROSARIO filed Form I-751, Petition for Removal of Conditions (hereinafter "Petition") with USCIS wherein he requested a removal of the conditions on his green card, which was received through marriage to a U.S. citizen.[1] In the aforementioned Petition, Plaintiff requested a waiver of the usual joint filing requirement on account of the breakdown of his marriage.

2. This action is brought as a result of Defendants' failure to adjudicate Plaintiff ROSARIO's Petition within a reasonable period of time. In accordance with 8 CFR 1216.4(b)(1), Defendants, USCIS, must take action on the Petition by either waiving the requirement for an interview and adjudicating the Petition OR arrange for an interview within 90 days of the date on which the Petition was filed. In the two years and ten months (over 34 months or 1054 days) that the Petition has been pending, USCIS has neither scheduled the interview or waive the interview and adjudicated the Petition within the 90-day timeframe.

3. The Petition has been in pending status since March 11, 2022, for a period of over two years and ten months (over 34 months or 1054 days). This period is over 11 times the maximum

---

[1] "Within the 90-day period immediately preceding the second anniversary of the date on which the alien obtained permanent residence, the alien and the alien's spouse who filed the original immigrant visa petition or fiancé/fiancée petition through which the alien obtained permanent residence must file a Petition to Remove the Conditions on Residence (Form I-751) with the Service… If the joint petition cannot be filed due to the termination of the marriage through annulment, divorce, or the death of the petitioning spouse, or if the petitioning spouse refuses to join in the filing of the petition, the conditional permanent resident may apply for a waiver of the requirement to file the joint petition in accordance with the provisions of § 1216.5 of this part." *See* 8 CFR 1216.4(a)(1). Plaintiff ROSARIO filed for the removal of conditions based on the waiver of the joint filing requirement.

period (90 days) within which USCIS must either schedule an interview or waive the interview and adjudicate the Petition.

4. Notwithstanding the fact that USCIS has failed to carry out its duty within the timeframe required under the law, USCIS's delay in Plaintiff's case is almost two times the historical average processing time for similar filings made in 2022[2]. As such, even under their own lesser standards, USCIS has unreasonably delayed adjudication in Plaintiff's case.

5. The Plaintiff has a clear right to adjudication of his Petition within a timely manner. The final adjudication of the Petition is a ministerial, nondiscretionary task that Defendants must perform within a reasonable period of time. 5 U.S.C. §555(b).

6. Defendants cannot reasonably continue to use COVID-19 as a defense to their failure to adjudicate the Petition as USCIS Field Offices are fully operational; as such, COVID-19 related issues do not prohibit an officer's ability to complete the adjudicative processing of this matter.

7. Defendants are in violation of the Administrative Procedure Act, 5 U.S.C. § 701 et seq. As such, this action is brought to compel Defendants and those acting under them to take action on the Petition.

**PARTIES**

8. Plaintiff RAMON DEL ROSARIO is a resident of Cook County, Illinois. He is the Petitioner of a pending Form I-751, Petition for Removal of Conditions.

9. Defendant KRISTI NOEM is the Secretary of the United States Department of Homeland Security (hereinafter "DHS"). This action is filed against her in her official capacity. Defendant NOEM is responsible for the enforcement of the INA and for the delegation of adjudicatory and

---

[2] *See* USCIS Historical Processing Times at: https://egov.uscis.gov/processing-times/historic-pt

discretionary authority to other employees of the DHS and USCIS pursuant to 8 U.S.C. § 1103(a); 8 C.F.R. § 2.1.

10. Defendant JENNIFER B. HIGGINS is the Acting Director of USCIS; she is an official generally charged with supervisory authority over all operations of USCIS under 8 C.F.R. § 103.1. This action is filed against her in her official capacity.

11. Defendant JAMES R. MCHENRY III is the Acting Attorney General of the United States; he is an official generally charged with supervisory authority over all operations of the Department of Justice (hereinafter "DOJ") under 28 C.F.R. § 0.5. This action is filed against him in his official capacity.

## JURISDICTION AND VENUE

12. This Court has jurisdiction to hear this complaint and the claims stated herein by virtue of 28 U.S.C. §§ 1331, § 1361 and §2201 because this is a federal mandamus action brought to compel Defendants to perform their statutory duties owed to the Plaintiff. This Court has additional jurisdiction by virtue of the Administrative Procedures Act, 5 U.S.C. § 701, *et seq.,* because Plaintiff is seeking judicial review of inaction by one or more of the Defendants.

13. Venue is proper in the District Court for the Northern District of Illinois pursuant to 28 U.S.C. § 1391(e) in that this is the district in which Plaintiff resides and no real property is at issue in the instant case.

## EXHAUSTION OF REMEDIES

14. The Plaintiff has repeatedly requested the Defendants to make a final decision on his Petition. Furthermore, Plaintiff has initiated numerous inquiries with USCIS.

15. The Plaintiff has exhausted his administrative remedies. The Plaintiff has supplied USCIS with documents that establish his eligibility for approval of his Petition.

16. There are no further administrative remedies available for the Plaintiff to utilize.

## FACTUAL ALLEGATIONS

17. On March 11, 2022, Plaintiff ROSARIO properly, timely, and completely filed Form I-751, Petition for Removal of Conditions (Receipt# LIN2290165165) with USCIS. **[EXHIBIT A].**

18. On May 26, 2022, Plaintiff ROSARIO received a notice from USCIS informing him that USCIS would be able to reuse his previously captured fingerprints and other biometrics. As such, Plaintiff ROSARIO would not be required to appear at a designated USCIS Application Support Center. **[EXHIBIT B].**

19. On March 29, 2023, USCIS informed Plaintiff ROSARIO that it was extending the validity period of his Form I-551, Permanent Resident Card, (A.K.A. Green Card) for a period of 48 months.

20. Since March 29, 2023, USCIS has made no requests for information or evidence and nor have they completed the adjudication of Plaintiff ROSARIO's Petition.

21. Plaintiff has made numerous inquiries over the past two years and ten months (over 34 months or 1054 days) with USCIS, requesting the adjudication of his Petition.

22. Plaintiff's inquiries have not resulted in any meaningful responses from USCIS.

23. Plaintiff's Petition now continues to be pending with USCIS for over two years and ten months (over 34 months or 1054 days).

24. In accordance with 8 CFR 1216.4(b)(1), Defendants must take action on the Petition by either waiving the requirement for an interview and adjudicate the Petition or schedule an interview within 90 days of the date on which the Petition was filed.

25. Plaintiff ROSARIO's Petition has been pending for over two years and ten months (over 34 months or 1054 days). This period is over 11 times the maximum period (90 days) within which USCIS must either schedule an interview or waive the interview and adjudicate the Petition.

26. USCIS has published a historical average processing time in 2022 of 18.2 months for the adjudication of Form I-751. Plaintiff ROSARIO's Petition has been pending for over 34 months, which is almost two times the historical average processing time as reported by USCIS. Plaintiff's Petition has remained pending with USCIS for an unreasonably long time, even by USCIS's own historical average processing times.

27. Defendants have refused to provide further explanation which would merit the need for over two years and ten months (over 34 months or 1054 days) of processing time.

28. Plaintiff has endured significant financial and emotional burdens as a result of the Defendants' unreasonable delay in his case.

29. As a result of Defendants' delay, Plaintiff ROSARIO has been deprived of the opportunity to remove conditions on his permanent resident and count this time towards his application for naturalization.

30. Moreover, Plaintiff has incurred significant attorney's fees, and without an adjudication, his future in the United States remains uncertain.

## COUNT I

VIOLATION OF THE APA - FORM I-751

31. All prior paragraphs are re-alleged as if fully stated herein.

32. Plaintiff ROSARIO has a statutory right to apply for removal of the conditions on his permanent residence by filing Form I-751, Petition for Removal of Conditions pursuant to INA §216 and 8 CFR 1216.4(c).

33. Defendants have a duty to adjudicate Plaintiff ROSARIO's Petition within a reasonable period of time under 5 U.S.C. §555(b).

34. The duty owed to Plaintiff is ministerial and so plainly prescribed as to be clear and free from doubt.

35. No other adequate remedy is available to Plaintiff.

36. Defendants have conducted the initial investigation and have sufficient information and documentation about Plaintiff to schedule an interview or adjudicate the Petition.

37. Given the Defendants' lack of a reason for not issuing a decision on Plaintiff ROSARIO's Petition or scheduling him for an interview an adjudicating the same, for over two years and ten months (over 34 months or 1054 days), Plaintiff's Petition has been pending for an unreasonably long period of time.

38. Defendants have failed in their statutory duty to adjudicate the Petition within a reasonable period of time.

39. Defendants have violated the Administrative Procedures Act, 5 U.S.C. § 701 et seq., as they are unlawfully withholding action on Plaintiff ROSARIO's Petition and have failed to carry out the adjudicative functions delegated to them by law with regard to Plaintiff ROSARIO's case.

40. Defendants' delay in this case is, as a matter of law, arbitrary, capricious, or otherwise not in accordance with the law. Defendants have willingly and unreasonably delayed and have refused to adjudicate Plaintiff ROSARIO's Petition, thereby depriving Plaintiff of the rights to which he is entitled.

41. In addition, as a result of this delay, Plaintiff has incurred enormous costs and significant attorney's fees. Further, Plaintiff ROSARIO has been unable to receive his unconditional,

permanent resident status and has been deprived of the right to naturalize as a U.S. Citizen. In effect, Plaintiff's life is on hold due to Defendants' inaction.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully prays:

1. That the Defendants be cited to appear herein and that, upon due consideration, the Court enter an order mandating a time certain to adjudicate Plaintiff ROSARIO's Petition.

2. In the alternative, that the Court compel Defendants, and those acting under them, to perform their duty to adjudicate Plaintiff ROSARIO's Petition immediately.

3. Finally, that the Court award reasonable attorney's fees under the Equal Access to Justice Act, 5 U.S.C. § 504, and such other and future relief as this Court deems proper under the circumstances.

Date: January 28, 2025

Respectfully submitted,

  /s/ Sadaf F. Ahmed
**Sadaf F. Ahmed, Esq.**
**JEELANI LAW FIRM, PLC**
**3701 W Algonquin Rd Suite 630**
**Rolling Meadows, IL 60008**
**sadaf@jeelani-law.com**
**Phone:(312) 767-9030**
**Fax:(312) 767-9030**
*Counsel for Plaintiff*